UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMAN WILLIAMS,

    Plaintiff,

v

BROSE JEFFERSON, INC.,

    Defendant.

Civil Action No.:
Honorable

_____

JAMES B. RASOR (P43476)
ANDREW J. LAURILA (P78880)
Rasor Law Firm, PLLC
Attorneys for Plaintiff
201 E. Fourth Street
Royal Oak, MI  48067
248/543-9000 // 248/543-9050 fax
jbr@rasorlawfirm.com
ajl@rasorlawfirm.com
_____

## COMPLAINT & JURY DEMAND

NOW COMES PLAINTIFF, Jasman Williams, by and through her attorneys, Rasor Law Firm, PLLC, and for er Complaint against Defendant Brose Jefferson, Inc., states as follows:

### GENERAL ALLEGATIONS

#### Parties

1. At all relevant times, Plaintiff, Jasman Williams, was a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant Brose Jefferson, Inc., ("BJ") is a Domestic Profit Corporation and conducts business with its principal place of business in the City of Warren, County of Macomb, State of Michigan.

3. At all material times, Plaintiff was an employee of Defendant BJ specifically at BJ's Plant in Warren, Michigan.

4. This lawsuit arises out of events occurring within the City of Warren, County of Macomb, and State of Michigan.

## Jurisdiction and Venue

5. This cause of action involves violations of Plaintiff's civil rights, as secured by the United States and Michigan Constitutions, and is brought pursuant to the Family Medical Leave Act ("FMLA"), the Persons with Disabilities Civil Rights Act ("PWDCRA"), and the Elliott-Larsen Civil Rights Act ("ELCRA").

). 6. This Court has jurisdiction over the claims arising under federal law pursuant to 28 USC §§ 1331, 1343.

7. This Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367.

8. Defendant BJ is an "employer" within the meaning the FMLA, 29 USC §2611(4)(A)(i), the PWDCRA, MCL §37.1201(b) and the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2201(a).

9. The amount in controversy exceeds $75,000.00 exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court.

2

10. Venue is appropriate in this Court pursuant to 28 USC §1391(b), as this cause of action arises out of occurrences that took place within this District in the County of Macomb and Defendant transacts and conducts business within this District.

## COMMON FACTUAL ALLEGATIONS

11. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs one through 10 of the General Allegations, as if fully set forth herein, paragraph by paragraph, word for word.

12. Plaintiff was employed by BJ as a line operator at its facility in Warren.

13. In late 2018/early 2019, Plaintiff became pregnant.

14. She reported her pregnancy to Defendant on or around March 8, 2019.

15. Plaintiff initially reported her pregnancy to Defendant because she began having back pain and issues arising out of her line operator position, which required substantial manual labor, and she asked to be moved to a position that would not increase her pain.

16. Because Defendant did not provide her with a more suitable position when she asked, she obtained and provided Defendant a note from her physician with reasonable restrictions of no lifting more than fifteen pounds and no climbing ladders.

Case 2:21-cv-10010-GCS-CI ECF No. 1, PageID.4 Filed 01/05/21 Page 4 of 16

17. In light of Plaintiff's pregnancy and back injuries, Defendant requested that she request FMLA leave, which she submitted to Defendant on or around March 28, 2019.

18. Beginning in March and throughout April, Plaintiff continued to suffer complications with her back and subsequently missed days of work; despite that, Defendant informed her they would be utilizing her FMLA hours for these absences.

19. On or around May 6, 2019, Defendant's Human Resources department informed Plaintiff that she had to submit new FMLA paperwork in order to receive an accommodation.

19. Given Defendant continued to refuse to accommodate Plaintiff's duties, her back pain and injuries continued to worsen, to the extent that her physician again submitted a request for an accommodation on or around May 20, 2019.

20. On or around May 20, 2019, Plaintiff's physician submitted a second FMLA request form, and this form specifically enumerated the same lifting/standing restrictions that Defendant had denied before.

21. Abruptly, Defendant sent Plaintiff a letter on May 28, 2019, which stated that effective May 23, 2019, Plaintiff was terminated for "excessive absenteeism."

22. At no point before this was Plaintiff notified that she had unexcused absences and/or that her absences would result in her termination.

4

23. Plaintiff had not been disciplined at any point before this based on her purported "excessive absenteeism."

24. Upon information and belief, in terminating Plaintiff Defendant disregarded both its own progressive discipline policy and the verbal assurances it had provided to Plaintiff regarding her back-related absences.

## COUNT I – FMLA INTERFERENCE
## 29 U.S.C. § 2601, *et seq*. AS TO DEFENDANT BJ

25. Plaintiff hereby restate and re-allege the allegations contained in paragraphs 1 through 41 above, as though fully set forth herein.

26. Pursuant to 29 U.S.C. § 2615(a)(1), it is unlawful "for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under this section.

27. At the time of these events, Plaintiff's absences was lawfully provided under the FMLA, which was known and requested by her employer.

28. The FMLA entitles employees to twelve weeks annually of leave because of a "serious health condition." 29 U.S.C. § 2612(a)(1)(D).

29. The FMLA also requires an employee to be reinstated to an equivalent position in terms of "pay, benefits, and other conditions of employment." 29 U.S.C. § 2614(a)(1).

30. Among other ways, Defendant interfered with Plaintiff's above-referenced FMLA statutory rights by informing Plaintiff it would utilize her granted-FMLA leave for absences when it evidently did not.

31. Defendant interfered with Plaintiff's FMLA rights in that her absences which were subsequently deemed unexcused absences and utilized in terminating Plaintiff were related to her request and Defendant's grant of FMLA.

32. Defendant and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

33. As a direct and proximate result of Defendant's unlawful actions and retaliations against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and liquidated damages pursuant to 29 U.S.C. § 2617.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants in an amount in excess of $75,000.00, together with interest, costs, and reasonable attorney fees, and grant further such relief as this Court deems fair and just under the circumstances.

### COUNT II – FMLA DISCRIMINATION/RETALIATION
### 29 U.S.C. § 2601, *et seq*. AS TO DEFENDANT BJ

34. Plaintiff hereby restate and re-allege the allegations contained in paragraphs 1 through 33 above, as though fully set forth herein.

35. Pursuant to 29 U.S.C. § 2615(a)(2), it is unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

36. Plaintiff requested and was granted FMLA leave twice during her employment with Defendant making her a person entitled to protection and an eligible employee under the FMLA.

37. Taking FMLA leave is a protected activity under the FMLA's discrimination prong and Defendant was aware of Plaintiff's FMLA leave.

38. Plaintiff was thereafter subject to adverse employment actions, including but not limited to being denied request accommodations and being terminated for patently false reason in that she had been told her absences were excused and/or FMLA-protected.

39. There is a causal connection between Plaintiff's FMLA protected conduct and the adverse employment actions.

40. Defendant's stated reason for taking the above-referenced adverse actions was in fact a pretext for retaliation based on Plaintiff's FMLA leave.

41. Defendant attached negative consequences to Plaintiff's FMLA leave time by not using her FMLA and terminating her for leave which it had told her was covered by her FMLA leave. 29 CFR 825.220(c).

42. Defendant's conduct here in discriminatorily/retaliatorily terminating Plaintiff was willful and done with reckless disregard of the law depriving Plaintiff of employment for utilizing her lawful protected FMLA leave.

43. As a direct and proximate result of Defendant's unlawful actions and retaliations against Plaintiff as described herein, Plaintiff has suffered injuries and

damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and liquidated damages pursuant to 29 U.S.C. § 2617.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendant in an amount in excess of $75,000.00, together with interest, costs, and reasonable attorney fees, and grant further such relief as this Court deems fair and just under the circumstances.

## COUNT III
## VIOLATION OF MCL §37.1101, *et seq*. – THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT DISCRIMINATION AND/OR FAILURE TO ACCOMMODATE

44.  Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs one through 43 as if fully set forth herein, paragraph by paragraph, word for word.

45.  The Michigan Persons with Disabilities Civil Rights Act, MCL §37.1101, *et seq*., ("PWDCRA") prohibits the discharge or otherwise discrimination against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability or genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position OR because that individual is regarded as having such a determinable physical or mental characteristic.

46. The PWDCRA also requires an employer to "accommodate a person with a disability for purposes of employment … unless the [employer] demonstrates that the accommodation would impose an undue hardship."

47. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the PWDCRA. Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, Defendants had a record of the impairment, and/or Defendants regarded Plaintiff as having such an impairment.

48. Major life activities under the PWDCRA include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." *Stevens v Inland Waters, Inc.,* 220 Mich App 212; 559 NW2d 61 (1996).

49. Plaintiff's back injury either limited or was regarded as limiting, the substantial major life activities of performing manual tasks, bending, and climbing.

50. Plaintiff was qualified for her position and could perform the essential job duties of her position with or without a reasonable accommodation.

51. Plaintiff's disability was unrelated to Plaintiff's ability to perform her duties and essential functions of her position.

52. Even though Defendants had available accommodations that were not unduly burdensome in any manner and would have complied with the reasonable

requests in her multiple requests for accommodations, Defendant refused to accommodate Plaintiff's numerous written request for a reasonable accommodation.

53. Plaintiff continuously yet unavailingly inquired as to available positions she could undeniably perform but that would not have put the constant strain on her back that the position Defendant required her to perform did.

54. Defendants violated the PWDCRA when it discriminated against Plaintiff based on her disability by failing to accommodate her reasonable requests for an accommodation and/or discriminatorily terminating her employment.

55. Defendants treated Plaintiff, because of her disability, more harshly than it treated other similarly-situated employees for the same conduct.

56. Plaintiff is under the information and belief that Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly-situated employees, in the terms and conditions of her employment, based upon unlawful consideration of Plaintiff's disability and/or requests for accommodations or how it regarded Plaintiff's disability.

57. Defendant's actions were intentional and in disregard of Plaintiff's rights and sensibilities.

58. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including disability discrimination.

59. Defendants did not engage in any interactive process to attempt to accommodate Plaintiff, but instead refused.

60. As a result of Defendant's refusal to accommodate her reasonable requests, Plaintiff's back injuries accrued and worsened.

61. Plaintiff, while still requesting an accommodation, was terminated from her position with Defendant.

62. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the PWDCRA.

63. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has sustained injuries and damages, including, but not limited to: potential loss of earning capacity, loss of career and employment opportunities, loss of employee benefits, humiliation and embarrassment, mental and emotional distress, and loss of everyday pleasures of everyday life.

64. Pursuant to the PWDCRA, Defendant is liable to Plaintiff for all damages allowed under state law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor against Defendants, jointly and severally, in an amount that is

fair and reasonable and contemplates Plaintiff for her injuries plus costs, interest, and attorney fees so wrongfully incurred, as the Court deems just.

## COUNT IV
## VIOLATION OF THE ELLIOT LARSEN CIVIL RIGHTS ACT – DISCRIMINATION
## AS TO DEFENDANT BJ

65. Plaintiff hereby restates and re-alleges the allegations contained in paragraphs 1-64 above, as though fully set forth herein.

66. At all times material and relevant, Defendant was an employer covered by and within the meaning of the Elliot-Larsen Civil Rights Act. M.C.L. § 37.2201(a).

67. At all times material and relevant, Plaintiff was an employee of Defendant.

68. Plaintiff is a female and was pregnant at the time of these occurrences, thus, a member of a protected class under the Elliot-Larsen Civil Rights Act.

69. The ELCRA defines "sex" to include pregnancy and childbirth. MCL § 37.2201(d).

70. As an employer within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*, Defendant owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her pregnancy.

71. Because of her sex/pregnancy, Plaintiff was subjected to treatment during her employment that was disparate from that accorded to similarly-situated non-pregnant employees who were treated more favorably than Plaintiff.

72. Plaintiff's sex and pregnancy was at least a motivating factor in the adverse treatment Plaintiff began experiencing when she informed Defendant she was pregnant, culminating in Plaintiff's termination.

73. The disparate and less favorable treatment to which Plaintiff was subjected during her employment with Defendant included adverse employment actions on the basis of Plaintiff's sex/pregnancy, or Plaintiff has otherwise been discriminated against with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her sex/pregnancy.

74. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including sex discrimination.

75. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Michigan's Elliot-Larsen Civil Rights Act.

76. Defendant has a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against pregnant

employees, or that tolerates the disparate and less favorable treatment of pregnant employees by said management and supervisory personnel.

77. Defendant has a policy or pattern of practice that encourages management or supervisory personnel to look the other-way or actively encourage disparate and less favorable treatment of pregnant employees by supervisory personnel.

78. As a direct and proximate result of the Defendant's wrongful termination, Plaintiff has sustained loss of earnings, earning capacity, employee benefits, fringe benefits, and has suffered emotional distress, humiliation and embarrassment, and loss of professional reputation.

79. There is no legitimate business reason justifying the disparate treatment to which Plaintiff was subjected during her employment with Defendants.

80. Pursuant to the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*., Defendant is liable to Plaintiff for all damages allowed under state law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendant in an amount that Plaintiff is found to be entitled to together with interest, costs, and reasonable attorney fees, and such other relief as this Court deems fair and just under the circumstances.

          Respectfully Submitted,

          RASOR LAW FIRM, PLLC

          */s/ Andrew J. Laurila*
          Andrew J. Laurila (P78880)
          Attorney for Plaintiff
          201 E. 4th Street
          Royal Oak, MI 48067

Dated: January 5, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMAN WILLIAMS,

    Plaintiff,                                            Civil Action No.

v

BROSE JEFFERSON, INC.,

    Defendant.
_____

JAMES B. RASOR (P43476)
ANDREW J. LAURILA (P78880)
Rasor Law Firm, PLLC
Attorneys for Plaintiff
201 E. Fourth Street
Royal Oak, MI  48067
248/543-9000 // 248/543-9050 fax
jbr@rasorlawfirm.com
ajl@rasorlawfirm.com
_____

## **DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, by and through his attorneys, RASOR LAW FIRM, and hereby requests trial by jury in the above captioned matter.

                                        Respectfully Submitted,

                                        RASOR LAW FIRM, PLLC
                                        */s/ Andrew J. Laurila*
                                        Andrew J. Laurila (P78880)
                                        Attorney for Plaintiff
                                        201 E. 4th Street
                                        Royal Oak, MI 48067

Dated: January 5, 2021