UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASMAN WILLIAMS,<br>　　　　　　　Plaintiff, | Case No. 21-10010 |
| v. | George Caram Steeh<br>United States District Judge |
| BROSE JEFFERSON, INC.,<br>　　　　　　　Defendant.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE
(ECF No. 56)

A.　Background

Plaintiff Jasman Williams sues her former employer for discrimination, Family Medical Leave Act interference, and retaliation, among other claims. (ECF No. 1). On May 24, 2024, Defendant moved for summary judgment. (ECF No. 54). Plaintiff filed a response with her affidavit and some medical records attached as exhibits 5 and 6, respectively. (ECF No. 55). Defendant moves to strike those exhibits, or to strike paragraphs 6-9 and portions of paragraphs 9 and 10 from the affidavit. (ECF No. 56).

This case was referred to the undersigned for all pretrial matters excluding dispositive motions. (ECF No. 21).

B.　Discussion

　　1.　Plaintiff's Affidavit

Defendant argues that the form of Plaintiff's affidavit is improper under Mich. Comp. Laws § 55.287, so it should be stricken in its entirety. Section 55.287(2)(f) provides that on each record that a notary performs a notarial act, the notary public shall "print, type, stamp, or otherwise imprint . . . whether the notarial act was performed using an electronic notarization system under section 26a or performed using a remoted electronic notarization platform under section 26b." The Court agrees with Defendant that it appears Plaintiff and the notary public signed the affidavit electronically. (*See* ECF No. 55-6). Notably, the "J" in Plaintiff's signature is cut-off at the bottom giving the appearance that it was signed electronically. And Plaintiff does not contest that it was signed electronically.

Without discussion for the position, Plaintiff insists her affidavit complies with federal law under 28 U.S.C. § 1746.

Though the parties differ on the law to apply, the Court need not undertake a rigorous analysis on the issue because the document complies with § 1746. That statute states that any matter that can be supported or proved by sworn declaration or affidavit need not be sworn or signed under oath before a notary so long as the document is declared, certified, or verified to be written "under penalty of perjury" and includes the date on which the document was executed. § 1746(2). Plaintiff signed her "affidavit" under penalty of perjury and included the execution date.

(ECF No. 55-6). Thus, the document complies with § 1746 and can be used to support her opposition to summary judgment. Any errors in the notary's signature are meaningless here. In other words, if we ignore or strike the notary's signature block altogether, then Plaintiff has a declaration that comports with federal law and can be used in the summary judgment context. The document will not be stricken for issues with the notary's signature.

Defendant next contends that paragraphs 6 and 7 and portions of paragraphs 9 and 10 should be stricken because they are not based on Plaintiff's personal knowledge.

Fed. R. Civ. P. 56(c)(4) specifies that any affidavits supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." In considering a motion to strike an affidavit, the Court must "use a scalpel, not a butcher knife" and only strike portions that are inadmissible under Fed. R. Civ. P. 56(c)(4). *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009) (internal citation omitted). The party submitting the affidavits has the burden of demonstrating that the witness has personal knowledge of the statements contained in the affidavit. *Long v. Procter & Gamble Mfg. Co.*, 2005 WL 1631033, at *1 (W.D. Tenn. July 8, 2005) (citations omitted).

In paragraph 6 of the affidavit, Plaintiff states, "[o]nce new employees were hired . . . they were sent to learn different stations, instead of the station I was at." (ECF No. 55-6, PageID.1937). Defendant calls this a conclusory statement with no factual support rather than a statement based on personal knowledge. Defendant notes that Plaintiff did not also state that she was in a role that permitted her access to this information, or that she affirmatively learned the information, or that she has knowledge from a particular source. (ECF No. 56, PageID.2460). In support of her declaration generally, Plaintiff asserts that the declaration is based on personal knowledge because she "makes her statements indicating matters within her own knowledge" and she will be able to "competently testify regarding how she came to these understandings." (ECF No. 58, PageID.2535; *see also* ECF No. 55-6, PageID.1937, ¶¶ 1-2).

The Court agrees with Defendant—there are no additional statements supporting how Plaintiff would know where new employees were placed. If Plaintiff wanted to use the fact that new employees were sent to learn different stations, she needed to establish how she knew they were at different stations. Because of her failure to do so, paragraph 6 is **STRICKEN**.

In paragraph 7, Plaintiff states, "I believe my doctors diagnosed me with lumbosacral strain and dysfunction." (ECF No. 55-6, PageID.1937). Defendant insists that Plaintiff's belief does not satisfy the personal knowledge requirement

4

and that there are no facts from which to infer she has personal knowledge of the diagnosis. They note that her complaint and deposition testimony reflect that she suffered from back strain, pain, and spasms, and that there was no diagnosed long-term back injury. (ECF No. 56, PageID.2460-61).

Paragraph 7 is **STRICKEN**. "[C]onclusory allegations and subjective beliefs . . . are wholly insufficient evidence to establish a claim of discrimination as a matter of law." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992).

In the portions of paragraphs 9 and 10 that Defendant wants stricken, Plaintiff states that "to her knowledge," her co-workers were frequently rotated to different workstations and were not disabled. (ECF No. 55-6, PageID.1938). Defendant asserts that statements made "to [Plaintiff's] knowledge" are suspect, but also that the statements contradict her earlier deposition testimony. She testified that she had no evidence of anyone who was disabled except herself. (ECF No. 56, PageID.2462-63).

On review of the deposition testimony, Plaintiff testified that she was unaware of any non-disabled employees who got a certain number of points after three attendance occurrences. (54-2. PageID.1219-20).

Parties are prohibited from submitting an affidavit contradicting prior deposition testimony to create a dispute of fact and avoid summary judgment. *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 459-60 (6th Cir. 1986). That said, it

5

is not altogether clear how Plaintiff's testimony about non-disabled co-worker rotations contradicts testimony about attendance points. Because the Court cannot conclude that the affidavit contradicts earlier deposition testimony, the paragraphs will not be stricken. Additionally, Plaintiff's "to my knowledge" statements about others not being disabled will not be stricken. Those statements stand for the proposition that she does not know of any of her co-workers' disabilities. It does not stand for the proposition that her co-workers were not disabled.

Defendant argues that the statement in paragraph 8 is an attempt to supplement the allegations in the complaint. In Count III, the Persons with Disabilities Civil Rights Act claim, Plaintiff alleged that her back impairment limited her in performing manual tasks, bending, and climbing. (ECF No. 1, PageID.9, ¶ 49). In paragraph 8 of the affidavit, Plaintiff asserts that the pain in her back "impaired my ability to walk at a normal pace, impaired my ability to sleep, and impaired my ability to bend down." (ECF No. 55-6, PageID.1937). Walking and sleeping are impairments raised in the affidavit for the first time. Defendant characterizes this as an attempt to create a sham issue of fact to defeat summary judgment. (ECF No. 56, PageID.2464). Plaintiff did not address this argument.

Parties cannot raise new allegations in response to a motion for summary judgment. The proper avenue is to seek leave to amend the complaint under Fed.

6

R. Civ. P. 15. *See Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007); *Church v. Maryland*, 180 F. Supp. 2d 708, 732 (D. Md. 2002) (disregarding allegations that were raised for the first time in plaintiff's affidavit in opposition to defendants' motion for summary judgment). Paragraph 8 is **STRICKEN**.

Since paragraphs 9 and 10 are not stricken, the motion to strike the affidavit is **GRANTED IN PART, DENIED IN PART**.

2. Exhibit 6

During discovery, Defendant requested all of Plaintiff's medical records. Plaintiff produced documents and signed authorizations to retrieve the records. (ECF No. 56-1, PageID.2479). None of those medical records or the signed authorizations concerned records from Ascension Macomb-Oakland Hospital's Warren Campus. Plaintiff attached records from that hospital to her summary judgment response at Exhibit 6. Because of Plaintiff's failure to produce the records during discovery, Defendant asks that they be stricken for violating Rule 26. (ECF No. 56, PageID.2466). Plaintiff did not respond to this portion of the motion to strike. (ECF No. 58).

Given Plaintiff's failure to respond, it appears this issue is unopposed. In addition, she cannot surprise defense counsel with more medical records after failing to supplement discovery under Fed. R. Civ. P. 26(e). Fed. R. Civ. P.

37(c)(1) precludes a party from using evidence they did not produce in discovery when requested or in supplemental response under Rule 26(e), unless the failure was substantially justified. Plaintiff gave no justification. The records in Exhibit 6 will not be considered. This portion of the motion is **GRANTED**.

    3.    Concurrence

Plaintiff devotes a portion of the response brief to arguing that Defendant did not properly confer before filing the motion to strike. She explains that her attorneys received voicemail from Defendant's counsel on June 28, 2024, around 7:30pm. An email followed at 8:12pm. At 9:15pm, Defendant filed the motion. (ECF No. 58, PageID.2531). Defendant admitted that its failure to seek concurrence sooner was due to internal miscommunications. (ECF No. 56, PageID.2448). The Court admonished Plaintiff's counsel in a prior order for an "anemic" attempt at seeking concurrence because counsel sent an after-hours email and filed a motion the next morning. (ECF No. 35). In comparison, Defendant's counsel sent an email then filed the motion the same night.

The Court will not deny Defendant's motion because of its anemic attempt at seeking concurrence. The Court did not deny Plaintiff's motion for failure to seek concurrence and Defendant admitted to its failure in its motion before the issue was raised in response. The Court is confident that the parties are aware of

their obligations in Local Rule 7.1. They must adequately seek concurrence or any future motions may be summarily denied or stricken.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 13, 2024

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge