UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMAN WILLIAMS

    Plaintiff,

vs.

BROSE JEFFERSON, INC.,

    Defendant.
_____/

Case No. 21-10010

HON. GEORGE CARAM STEEH

ORDER OVERRULING OBJECTIONS
TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART
DEFENDANT'S MOTION TO STRIKE (ECF No. 61)

This matter is before the court on plaintiff's timely objections to Magistrate Judge Curtis Ivy's order granting in part defendant's motion to strike. (ECF No. 60). Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine [most] pretrial matter[s] pending before the court." Parties may object to such orders within fourteen days. *See* Fed. R. Civ. P. 72(a). Upon receiving objections to a non-dispositive order, "[t]he district court judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id. See also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395) (1948)).

In her response to defendant's motion for summary judgment, plaintiff attached her affidavit (Exhibit 5) and some medical records (Exhibit 6). Defendant moved to strike these exhibits in whole or in part. Defendant's motion was referred to the magistrate judge for determination.

Affidavits opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 65(c)(4). The party submitting the affidavits has the burden of demonstrating that the witness has personal knowledge of the statements contained in the affidavit. *Long v. Procter & Gamble Mfg. Co.*, 2005 WL 1631033, at *1 (W.D. Tenn. July 8, 2005) (citations omitted).

In paragraph 6 of her affidavit, plaintiff states, "[o]nce employees were hired . . . they were sent to learn different stations, instead of the station I was at." ECF No. 55-6, PageID.1937. Defendant challenged the paragraph on the basis that plaintiff did not include a statement explaining how she had access to this information. In response to the motion to strike, plaintiff asserted that she had knowledge of the matter and was competent

to testify regarding her knowledge. Magistrate Judge Ivy concluded that plaintiff failed to provide factual support as to how she knew that new employees were at different stations. In her objections, plaintiff relies on evidence in the record which shows that she had been employed since 2015 and worked in person, as well as her statement that she had personal knowledge of the facts set forth in the affidavit.

However, the mere fact that plaintiff worked in the plant does not demonstrate she has personal knowledge of where each new employee was stationed when they were hired. If plaintiff was somehow uniquely privy to the placement of each new hire, she failed to provide the context of her personal knowledge in the affidavit. The Court finds that the magistrate judge did not clearly err in striking paragraph 6 of the affidavit.

Plaintiff's second objection relates to the medical records from Ascension Macomb-Oakland Hospital's Warren Campus contained in Exhibit 6. Magistrate Judge Ivy struck the exhibit after finding that plaintiff did not identify or produce the specific records either during discovery or as supplemental discovery. Plaintiff contends that she listed all her medical providers and provided authorizations so defendant could obtain full copies of her records. However, defendant states that plaintiff did not identify or produce an authorization for Ascension Macomb-Oakland Hospital's

Warren Campus, therefore defendant could not know that plaintiff treated with this provider. Plaintiff has not provided proof that she produced the authorization or otherwise identified the specific provider during discovery. The Court finds that the magistrate judge did not clearly err in striking Exhibit 6.

    Now, therefore,

IT IS HEREBY ORDERED that Plaintiff's Objections to the Magistrate Judge's Order Granting in Part Defendant's Motion to Strike (ECF No. 61) are OVERRULED.

Dated: December 13, 2024

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 13, 2024, by electronic and/or ordinary mail.

s/LaShawn Saulsberry
Deputy Clerk