UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMAN WILLIAMS,

        Plaintiff,

vs.

BROSE JEFFERSON INC.,

        Defendant.
_____/

Case No. 21-CV-10010

HON. GEORGE CARAM STEEH

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION (ECF No. 67)

      This employment discrimination case is before the Court on plaintiff Jasman Williams' motion for reconsideration of the Court's order and judgment granting summary judgment to defendant Brose Jefferson, Inc. (ECF Nos. 64 and 65). In her complaint, plaintiff alleged violations of the Family Medical Leave Act, pregnancy discrimination pursuant to Michigan's Elliott-Larsen Civil Rights Act and disability discrimination in violation of Michigan Persons with Disabilities Civil Rights Act. After conducting a thorough analysis, the Court concluded that plaintiff was unable to make a prima facie case on any of her claims and granted defendant's motion for summary judgment.

## STANDARD OF REVIEW

Motions to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). While Rule 59(e) permits a court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Fed. Practice & Proc. § 2810.1 (2d ed. 1995)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id*. Like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments previously made and rejected. *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003).

The party seeking relief under Rule 59(e) or Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted). Plaintiff argues that the Court erred in making credibility determinations and in granting summary judgment where there were disputed issues of fact.

## ANALYSIS

I.  FMLA Interference and Retaliation

Plaintiff argues that the Court improperly made credibility determinations in reaching its conclusion that plaintiff was not in compliance with defendant's Attendance Policy. Plaintiff points to the

testimony of Stephanie Adolph, who stated that in her experience as a human resources employee for defendant, the defendant had animus against employees who took FMLA leave. Adolph testified there was a general demeanor among production directors and supervisors that FMLA leave created more work. When pressed, Adolph testified she could not think of any employees who were retaliated against for taking FMLA leave. Just as she argued in her response to summary judgment, plaintiff contends that Ms. Adolph's testimony provides additional indicia of a causal connection between plaintiff's submission of FMLA documentation in May of 2019 and her termination days later.

    The starting point of the Court's analysis focused on what was covered by plaintiff's FMLA Certifications. The Court concluded that "Williams has failed to provide any evidence that her April and May absences were covered by either of her FMLA Certifications." Additionally, the reason plaintiff was terminated shortly after providing the May FMLA documentation was because defendant gave plaintiff the opportunity to have her doctor provide additional limitations to cover absences related to her back pain. After giving plaintiff an extension of time, defendant waited for that documentation so it could determine if any of plaintiff's past unexcused absences were covered by the new limitations. Ultimately, the

new documentation did not certify plaintiff to take FMLA leave for her back issues until May 16, and all her unexcused absences occurred prior to May 16.

The evidence showed that defendant assisted plaintiff in her attempt to supplement her original FMLA certification by extending the deadline. It also withheld a final determination whether plaintiff should be terminated for violating the Attendance Policy until it received and reviewed the May FMLA Certification. Ms. Adolph admitted that plaintiff's absences prior to May 16 would not have been excused by the May Certification. Finally, defendant knew that plaintiff sought to exercise her FMLA rights since March, and then encouraged her to request that her physician provide further restrictions as needed so there would be clarity regarding what conditions were covered by her FMLA. *See George v. Youngstown State Univ.*, 966 F.3d 446, 471–72 (6th Cir. 2020) ("Temporal proximity for purposes of a plaintiff's prima facie case is properly measured from the date the employer *learns* of the protected activity." (citing *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008)). Adolph's opinion about defendant's alleged generalized animus against employees who took FMLA leave does not support a connection between this plaintiff's initial exercise of her rights and her termination. *See, Mitchell v. Toledo Hosp.*,

964 F.2d 577, 584–85 (6th Cir. 1992) (statements comprised of conclusory allegations and subjective beliefs are "wholly insufficient evidence to establish a claim of discrimination as a matter of law").

Plaintiff's next argument is that the Court erred in rejecting evidence that defendant's human resources department exercised discretion in making termination decisions, such that there was room for animosity toward plaintiff's FMLA status to enter the decision-making process. Specifically, plaintiff contends there are issues of fact that other employees who were not on FMLA, but who had more than three points in violation of the Attendance Policy, were not terminated; plaintiff complied with the Attendance Policy, so her absences were not unexcused; and the human resources department departed from its procedures by not meeting with plaintiff prior to terminating her. Plaintiff raised the same arguments in her response brief in support of causal connection between protected activity and her termination. ECF No. 55, PageID.1554-55. The Court addressed each of plaintiff's arguments in its opinion and order, ECF No. 64, PageID.2678-79. The Court finds that plaintiff has not pointed out an error or mistake, but merely rehashes arguments previously made and rejected. Plaintiff thus fails to satisfy her burden as she does not demonstrate how any of the standards in Rule 59(e) or Rule 60(b) are met.

II.     Pregnancy Discrimination

Plaintiff raises two alleged factual disputes related to her pregnancy discrimination claim: (1) her absences did not render her unqualified for her position, and (2) she established a causal connection between her pregnancy and her termination. Again, plaintiff refers to Ms. Adolph's subjective beliefs about general animus against employees under FMLA and/or who are pregnant. These arguments were made in plaintiff's summary judgment briefs and were considered by the Court in its opinion and order (ECF No. 64, PageID.2680-82). Plaintiff fails to satisfy her burden as she does not demonstrate how any of the standards in Rule 59(e) or Rule 60(b) are met.

III.    Disability Discrimination

Finally, plaintiff contends that the Court erred in not crediting plaintiff's disabled status as supported by medical records and testimony showing she had a past medical history of chronic low back pain not related to pregnancy. In support, plaintiff directs the Court to the "History of Present Illness" section of her medical records, which document that she described a past medical history of significant chronic low back pain going back several years, which she attributed to her work on the assembly line for the past five years. ECF No. 55-5, PageID.1913, 1918. That these statements

are contained in medical records does not change the fact that plaintiff is the source of the information. Plaintiff's motion does not change the Court's analysis or conclusion that she did not meet her burden of establishing a prima facie case under the PWDCRA.

## CONCLUSION

For the reasons provided above, as well as in the opinion and order granting summary judgment, the Court did not commit a clear error of law, or a manifest injustice, nor is there any basis to conclude that this an "unusual and extreme situation[] where principles of equity mandate relief." Plaintiff fails to satisfy her burden as she does not demonstrate how any of the standards in Rule 59(e) or Rule 60(b) are met.

The Court finds that plaintiffs' motion for reconsideration (ECF No. 67) is hereby DENIED.

Dated:   February 4, 2025

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 4, 2025, by electronic and/or ordinary mail.

s/LaShawn Saulsberry
Deputy Clerk